IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARK C. JACKSON,

    Plaintiff,

v.                                       CASE NO. 1:22-cv-119-MW-GRJ

TOM VILSACK, in his capacity as
Secretary of Agriculture, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this action on June 1, 2022, by filing a complaint and a "Motion to Extend Time to Submit Filing Fee and for a CM/ECF Account" (hereinafter, "Fee Motion"). ECF Nos. 1, 2. Plaintiff did not pay the filing fee or file a motion for leave to proceed *in forma pauperis* but instead requested to pay the required fee at a later date. ECF No. 2. The Court now invokes its inherent authority to control its docket to screen the complaint to determine whether the action is frivolous or malicious. Plaintiff's complaint is deficient for several reasons. Plaintiff's complaint does not state a claim for relief as a matter of law and amendment would be futile; many of Plaintiff's requests for relief are duplicative of past actions filed in federal court, implicating the preclusion

1

doctrines; and Plaintiff did not file this action in a proper venue. For the reasons that follow, the undersigned respectfully recommends that Plaintiff's complaint should be dismissed and the Fee Motion should be terminated.

## I.  BACKGROUND

Plaintiff names as defendants Secretary of Agriculture Tom Vilsack, the State of Florida, and a real estate agent in Miami. *See* ECF No. 1. The court distills Plaintiff's complaint, which includes many unrelated allegations and requests for relief, as an action against the Secretary of Agriculture for "fraudulently denying" Plaintiff a loan under the American Rescue Plan Act, Pub. L. No. 117-2, 135 Stat. 4 (2021). ECF No. 1 at 11. Plaintiff alleges that he planned to use the loan to purchase a 950-acre farm at an unspecified location, upon which land Plaintiff wanted to build a solar array. *Id* at 11–12, 14. With the proceeds from the solar array's power generation, Plaintiff speculates he would have been able to repay the loan and reap a profit. *Id*. at 11–12.

For relief, Plaintiff requests "[a]n order that supersedes the current purchase agreement" for the 950-acre farm "with [Plaintiff's] purchase agreement . . . for $10 million," because Plaintiff would have purchased the property if he had not been "fraudulently denied" a loan by the Secretary of

Agriculture. ECF No. 1 at 14. Plaintiff further requests "an order for the Secretary of Agriculture to underwrite a $45 million direct loan" to Plaintiff, plus "$3 million a year for lost income from the 950 acre farm." *Id*. at 15. Plaintiff also details approximately fifteen other prayers for relief that are unrelated to the allegations. *Id*. at 12–14. Examples include relief related to Plaintiff's military service, a patent, and declaration of Plaintiff's competency.[1] *Id*.

## II. LEGAL FRAMEWORK

The Supreme Court has held that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320

---

[1] Plaintiff twice references competency—first, stating a falsified official record related to his competency was created by an unspecified party at an unspecified date, and second, requesting a declaration that Plaintiff is competent by way of relief. ECF No. 1 at 10, 12. Rule 17 of the Federal Rules of Civil Procedure governs questions of capacity and incompetency. Rule 17(c) requires a court to "appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." However, "a court is not required to conduct a *sua sponte* determination whether an unrepresented litigant is incompetent unless there is some verifiable evidence of incompetence." *Simpkins v. Andrews*, No. 3:17-cv-148-J-34PDB, 2017 WL 3912978, at *5 n.2 (M.D. Fla. Aug. 9, 2017) (quoting *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012)), *adopted at* 2017 WL 3896383 (M.D. Fla. Sept. 6, 2017); *see also McLean v. GMAC Mortg. Corp.*, 398 F. App'x 467, 470 (11th Cir. 2010). Further, "[s]tanding alone, [ ] a litigant's bizarre behavior is insufficient to trigger a mandatory inquiry into his or her competency." *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 202 (2d Cir. 2003); *Davis v. Fairfield Ins. Co.*, 240 F. App'x 306, 308 (11th Cir. 2007).

(11th Cir. 2015) (discussing a district court's "inherent authority to control its docket and ensure the prompt resolution of lawsuits"). A district court's "power to control its docket" includes the power to dismiss a case. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 998 (11th Cir. 1983).

While a *pro se* litigant's allegations are entitled to the benefit of liberal construction, *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011), such pleadings nonetheless are required to conform to procedural rules, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Johnson v. Specialized Loan Servicing, LLC*, No. 21-12327, 2022 WL 320854 (11th Cir. Feb. 3, 2022). A court does not have "license . . . to rewrite an otherwise deficient [*pro se*] pleading in order to sustain an action." *GJR Investments v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

### III.  DISCUSSION

#### A.  Failure to Pay the Filing Fee or Move to Proceed *in forma pauperis*

Plaintiff did not file a motion for leave to proceed *in forma pauperis* and did not pay the filing fee. Instead, Plaintiff moves the Court for permission to pay his filing fee in August but to proceed with his case now,

stating that he will not qualify to file *in forma pauperis*.  ECF No. 2.  Plaintiff does not provide any legal argument or factual basis for the Court to take such extraordinary action.

Pursuant to N.D. Fla. Loc. R. 5.1(H), "[a] civil action shall not be filed by the clerk until the fee is paid . . . unless the complaint or petition is accompanied by a motion for leave to proceed in forma pauperis [IFP]." Nevertheless, for the reasons explained below, even if Plaintiff cured that deficiency, his action is due to be dismissed.

### B. Amendment Would Be Futile

Amendment of Plaintiff's complaint would be futile.  Setting aside other issues with Plaintiff's complaint, Plaintiff states that he was fraudulently denied a direct loan to purchase farmland under the American Rescue Plan Act of 2021 ("ARPA").  But the laws that Plaintiff cites, §§ 1005 and 1006 of the Act, do not provide for lending or for the purchase of farmland through another mechanism.  Rather, § 1005 provides for government payment of existing loans for qualified borrows:

> (2) Payments.—The Secretary shall provide a payment in an amount up to 120 percent of the outstanding indebtedness of each socially disadvantaged farmer or rancher as of January 1, 2021, to pay off the loan directly or to the socially disadvantaged farmer or rancher (or a combination of both), on each—

>>(A) direct farm loan made by the Secretary to the socially disadvantaged farmer or rancher; and
>>(B) farm loan guaranteed by the Secretary the borrower of which is the socially disadvantaged farmer or rancher.

§ 1005(a)(2); *see also* "Notice of Funds Availability; American Rescue Plan Act of 2021 Section 1005 Loan Payment (ARPA)," 86 Fed. Reg. 28,329 (May 26, 2021) ("Section 1005 of the American Rescue Plan Act of 2021 (ARPA) provides funding and authorization for FSA to pay up to 120 percent of direct and guaranteed loan *outstanding balances* as of January 1, 2021, for certain loans of socially disadvantaged farmers and ranchers . . . ." (emphasis added)).[2]

Section 1006 of ARPA provides for funding of different types of assistance to socially disadvantaged farmers, ranchers, or forest landowners. This assistance includes support programs, research, education, and outreach, among other things, but it does not include any provisions for lending or for the purchase of farmland. § 1006. The Department of Agriculture further describes § 1006 as providing "additional funding to begin long-term racial equity work within USDA, including to

---

[2] The constitutionality of § 1005 has been challenged, and multiple preliminary injunctions have been issued by district courts preventing payment under the provision pending further litigation. *See, e.g., Miller v. Vilsack*, No. 4:21-cv-00595 (N.D. Tex. Apr. 26, 2021); *Wynn v. Vilsack*, 545 F. Supp. 3d 1271, 1276 (M.D. Fla. 2021).

address heirs property claims and to stand up an Equity Commission . . . ." *In Historic Move, USDA to Begin Loan Payments to Socially Disadvantaged Borrowers under American Rescue Plan Act Section 1005*, U.S. DEP'T OF AGRIC., https://www.usda.gov/media/press-releases/2021/05/21/historic-move-usda-begin-loan-payments-socially-disadvantaged (last accessed June 3, 2022).

Plaintiff's legal basis for his case, that he was fraudulently denied a loan to purchase farmland, has no support in the law he cites. The laws in question do not allow for lending or for the purchasing of farmland through other means. For these reasons, amendment of Plaintiff's claims would be futile and his claims are frivolous.

### C. Past Cases and the Preclusion Doctrines

As stated in § I above, Plaintiff's requests for relief are extensive and most have no logical connection to the claims of this action. ECF No. 1 at 11–12, 12–15. Some of that unrelated relief, however, corresponds to background allegations averred by Plaintiff in his "Statement of the Case." *Id*. at 10–11, 12–14. Those background allegations and extraneous requests for relief are duplicative of previous actions brought by Plaintiff, some of which have been decided on the merits, implicating *res judicata* and collateral estoppel.

7

This Court has compared the complaint filed here with Plaintiff's past litigation and has identified at least seven other closed cases that are related in part to this one.  *See, e.g.,* ECF Nos. 12 & 20, No. 1:19-cv-1185 (D. Colo.) (complaint raising issues of Grand Jury #20, Plaintiff's retirement status rank, his hurricane prevention device, his patent, his mother's insurance policy; court adopting report and recommendation to dismiss based on Fed. R. Civ. P. 8); ECF Nos. 7 & 23, No. 5:16-cv-392 (M.D. Fla.) (complaint raising issues of Plaintiff's driver's license, his mother's insurance policy; court adopting report and recommendation to dismiss on multiple grounds); and, ECF Nos. 1 & 21, No. 1:14-cv-277 (Fed. Cl.) (complaint raising issues of Plaintiff's driver's license, his mother's insurance policy, and his hurricane prevention device; court order raising Plaintiff's prior cases, finding Plaintiff's claims frivolous, and applying *res judicata*).  The only new claims and request for relief here relate to the ARPA loan, which—as explained in § B above—has no basis in the law as cited by Plaintiff.

Based on Plaintiff's previous cases, it is clear he is seeking to relitigate certain background allegations that have already been decided. The same principles that previously barred those claims in, for example, the Court of Federal Claims, No. 1:14-cv-277, apply with equal force here

to the extent the claims and relief here are duplicative of past litigation that was decided on the merits.

### D. The Decision to File in the Northern District of Florida

Plaintiff does not appear to have filed this action in the correct venue. A civil action in federal court may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391. Plaintiff resides in Bradford County, which is part of the Middle District of Florida, and Plaintiff has not pled facts indicating that any defendants are residents of this district. Nothing in the events giving rise to this suit (the USDA's alleged denial of an ARPA loan) indicate a connection to the Northern District of Florida, either. The Court further notes that the background allegations and requests for relief unrelated to the ARPA loan previously have been brought in courts in Washington, DC (No. 1:14-cv-

277); Colorado (No. 1:19-cv-1185); and the Middle District of Florida (No. 5:16-cv-392), suggesting the possibility that Plaintiff is searching for a forum that will grant the relief he desires.

Where venue is not proper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. The Court concludes that it is not in the interest of justice for this case to be transferred. Plaintiff has not paid the filing fee, but even if he had, the ARPA claims fail as a matter of law and amendment would be futile, and the preclusion doctrines are implicated in relation to the non-ARPA requests for relief. Still further, even if Plaintiff's ARPA claims had a basis in law, the relief requested is unavailable based on the facts pled; Plaintiff's claims are wholly insufficient under Rule 8; and, the complaint mixes unrelated events and relief. Dismissal of Plaintiff's complaint is appropriate under the circumstances. *See Young v. Sessions*, No. 18-14330-B, 2019 WL 5445561 (11th Cir. June 3, 2019).

## IV. CONCLUSION

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, should be **DISMISSED** and the Fee Motion, ECF No. 2, should be **TERMINATED**.

**IN CHAMBERS** at Gainesville, Florida this 6th day of June 2022.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.